UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. BEISEL, IV,

    Plaintiff,

v.                                               Case No. 8:17-cv-995-T-27AAS

SVEN R. FINAN, *et al.*,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's "Objection" to Defendants Sven R. Finan and Rodney Riviere's Answer and Affirmative Defenses, which shall be construed as a reply to their answer (Dkt. 17), and Plaintiff's Motion to Strike (Dkt. 18).[1] Upon consideration, Plaintiff's reply (Dkt. 17) is **STRICKEN** and the motion to strike (Dkt. 18) is **DENIED**.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Plaintiff's reply objects to specific paragraphs of Finan and Riviere's answer and requests that those paragraphs be stricken. (Dkt. 17). No reply to an answer or affirmative defenses is permitted unless ordered by the Court. *See* FED. R. CIV. P. 7(a). And he has not shown that the paragraphs he objects to are redundant, immaterial, impertinent, or scandalous. Rather, he merely asserts facts to oppose Finan and Riviere's denials of his allegations. His reply, therefore, is due to be stricken.

---

[1] Plaintiff's reply and motion to strike are identical. (Dkts. 17, 18).

Plaintiff also moves to strike Finan and Riviere's answer and affirmative defenses in their entirety. He argues that Finan and Riviere's answer should be stricken because they failed to comply with Local Rule 3.01(h) by failing to designate the answer as a dispositive motion. That argument is frivolous because an answer is not a motion. As for his request to strike their affirmative defenses, "[t]he striking of an affirmative defense is a 'drastic remedy' generally disfavored by the courts. *Katz v. Chevaldina*, No. 12-22211-CIV, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citing *Augustus v. Board of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)[2]). An affirmative defense will be stricken only if it is insufficient as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683. Plaintiff relies on facts outside of the pleadings to argue that several affirmative defenses should be stricken. (Motion to Strike, Dkt. 18 at pp. 5-8). Those facts may not be considered. *Microsoft Corp.*, 211 F.R.D. at 683. He otherwise presents no factual or legal basis establishing that Finan and Riviere's affirmative defenses are insufficient as a matter of law. *See id.*

Accordingly, Plaintiff's reply (Dkt. 17) is **STRICKEN** and his motion to strike (Dkt. 18) is **DENIED**. The Clerk is directed to strike the reply (Dkt. 17) and remove the image from the docket.

**DONE AND ORDERED** this 31st day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record and *pro se* Plaintiff

---

[2] "Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit." *Katz*, 2013 WL 2147156, at *2 n.2 (citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)).