UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES A. BEISEL, IV,

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 8:17-cv-995-T-27AAS

SVEN R. FINAN, *et al.*,

　　Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants City of Tampa and Eric Ward's Motion to Dismiss Complaint and Memorandum of Law (Dkt. 16) and Plaintiff's motion to strike their motion to dismiss (Dkt. 19). Upon consideration, Plaintiff's motion to strike (Dkt. 19) is **DENIED** and Defendants' motion to dismiss (Dkt. 16) is **GRANTED**.

Plaintiff's Complaint includes seven counts asserting violations of his constitutional rights under the Fourth and Fourteenth Amendments against the City, Ward in his individual capacity and in his official capacity as the City's Chief of Police, and two police officers in their individual and official capacities. (Complaint, Dkt. 1). Plaintiff alleges that the police officers violated his constitutional rights by stopping him without cause, illegally searching his car, and falsely arresting him for possession of cocaine after improperly conducting a field test. (*Id.* at ¶¶ 10, 13, 16, 22). His allegations against the City and Ward are that their "failure to train properly resulted in the illegal, unconstitutional acts perpetrated by the [officers]." (*Id.* at ¶¶ 24, 25).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556

(2007)). All factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Since Plaintiff brings suit against Ward in his official capacity as the officer in charge of the Tampa Police Department, he must establish that the TPD, through deliberate conduct, was the moving force behind the injury alleged. *Board of Cnty Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Deliberateness may be shown with allegations that the constitutional violation was caused by a "policy" or "custom" of the TPD. *Id.* at 403 (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Likewise, with respect to Plaintiff's claims against the City, "[i]t is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991).

A policy or custom need not be shown by an official decision, but may be shown by a practice that "is so widespread as to have the force of law." *Board of County Comm'rs*, 520 U.S. at 404 (citing *Monell*, 436 U.S. at 690-91). "In limited circumstances, a . . . decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

2

Plaintiff fails to allege any facts supporting a claim against the City and Ward based on a failure to train. He makes a single, conclusory allegation that their "failure to properly train" resulted in the alleged constitutional violations. (Complaint, Dkt. 1 at ¶ 25). That general, conclusory statement need not be accepted as true for purposes of resolving their motion to dismiss. *Ashcroft*, 556 U.S. at 678. There are no other allegations showing that the City and Ward knew of a need to train officers in a *particular* area and that they made a deliberate choice not to do so. *See Gold v. City of Miami*, 151 F.3d 1346, 1350-51 (11th Cir. 1998). And Plaintiff's motion to strike presents no basis for striking their motion to dismiss. (Dkt. 19).[1]

Plaintiff also purports to sue Ward in his individual capacity and his supervisory capacity over the officers who committed alleged constitutional rights violations. However, Plaintiff makes no factual allegations indicating that Ward directly participated in the violations or that a causal link exists between his supervisory actions and the violations. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009). The conclusory statement that Ward failed to train the officers, standing alone, is insufficient to establish direct participation or the necessary causal link. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Accordingly, Plaintiff's Motion to Strike (Dkt. 19) is **DENIED**, and the City and Ward's Motion to Dismiss Complaint (Dkt. 16) is **GRANTED**. All claims against the City and Ward are **DISMISSED** *without prejudice*. Plaintiff is granted twenty-one (21) days from the date of this Order

---

[1] Plaintiff's motion to strike is founded on the grounds that "Plaintiff's complaint has previously been screened pursuant to 28 USC 1915," "the fact that the complaint was served on defendants effectively moots the motion to dismiss," the motion to dismiss "is a redundancy," and the motion and memorandum of law "do not comply with local rule 3.01(h)." (Dkt. 19). The motion to dismiss is not subject to Rule 3.01(h) because it is not dispositive. The motion to dismiss (Dkt. 16) is also not a redundancy because the City and Ward filed the initial motion to dismiss (Dkt. 14) without an electronic signature. And the facts that the complaint was screened pursuant to 28 U.S.C. § 1915 and was served on Defendants are immaterial to the City and Ward's argument that Plaintiff's complaint fails to state legally sufficient claims against them.

to file an amended complaint against the City and Ward, should he choose to do so. Failure to state a claim upon which relief can be granted against the City and Ward in an amended complaint may result in dismissal of all claims against them with prejudice.

**DONE AND ORDERED** this 31st day of October, 2017.

*/s/ JH Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record and *pro se* Plaintiff