# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES A. BEISEL, IV,

    Plaintiff,

v.                                          Case No. 8:17-cv-995-T-27AAS

SVEN R. FINAN, *et al.*,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants City of Tampa and Eric Ward's Motion to Dismiss Amended Complaint. (Dkt. 27). Plaintiff has not responded to the motion, and the time in which to do so has passed. Upon consideration, Defendants' motion to dismiss (Dkt. 27) is **GRANTED**.

Plaintiff's claims under 42 U.S.C. § 1983 against the City and Ward in the original complaint were dismissed for failure to state a claim. (Dkt. 22). Plaintiff, who is proceeding *pro se*, then filed an Amended Complaint. (Dkt. 24). The Amended Complaint includes five counts each against the City and Ward under section 1983. (Dkt. 24). Plaintiff bases each count on alleged violations of his Fourth Amendment right to be free from unreasonable search and seizure. (Dkt. 24 at pp. 7-11). The five violations consist of an unlawful traffic stop, false arrest for possession of cocaine, unreasonable vehicle search, unreasonable "subsequent" vehicle searches, and false imprisonment. (*Id.*).

Plaintiff alleges that the City and Ward were the moving force behind the violations because they "recklessly neglected to implement proper training and/or policies, regulations, customs and/or usages" with respect to the officers who initiated the unlawful traffic stop, conducted an unreasonable search of his vehicle, incorrectly performed a chemical field test of a substance found

in his vehicle, and falsely arrested him. (*Id.* at p. 7). Plaintiff further alleges that Ward and the City "had personal knowledge of this problem/usage/custom regarding the lack of training," and failed to implement proper training notwithstanding that knowledge. (*Id.*).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). All factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff's claims against Ward in his official capacity as the officer in charge of the Tampa Police Department must establish that the TPD, through deliberate conduct, was the moving force behind the injury alleged. *Board of Cnty Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Deliberateness may be shown with allegations that the constitutional violations were caused by a "policy" or "custom" of the TPD. *Id.* at 403 (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Likewise, "[i]t is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991).

A policy or custom need not be shown by an official decision, but may be shown by a practice that "is so widespread as to have the force of law." *Board of County Comm'rs*, 520 U.S. at 404 (citing *Monell*, 436 U.S. at 690-91). "In limited circumstances, a ... decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official

government policy." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, a municipality "is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [the plaintiff's] constitutional rights." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' " *Connick*, 563 U.S. at 61 (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Notice that a course of training is deficient in particular areas exists where there is a pattern of prior incidents or where "the need to train and supervise in the particular areas in issue was so obvious and the likelihood of constitutional violations was highly predictable so that liability attaches for [a] single incident." *Gold*, 151 F.3d at 1351-52; *see also Connick*, 563 U.S. at 64 (noting that it is "rare" that the "unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations.").[1] Absent notice of a training deficiency, a plaintiff alleging failure to train cannot establish that a municipal policy or custom was the moving force behind the violation of his constitutional rights. *Gold*, 151 F.3d at 1354.

Plaintiff fails to allege facts supporting his section 1983 claims against the City and Ward based on their alleged failure to train TPD officers. With respect to each of the five constitutional

---

[1] The Eleventh Circuit Court of Appeals has also discussed how a plaintiff may establish that a municipality is the moving force behind an officer's violation of a plaintiff's constitutional rights where the municipality fails to create a policy and procedures manual, or fails to maintain records of citizen complaints relating to particular areas. *Gold*, 151 F.3d at 1353-54 (citing *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1212 (11th Cir. 1993)). In this case, Plaintiff has not alleged that the City and Ward have no policy and procedures manual, or that they fail to maintain records of citizen complaints relating to illegal stops, false arrests, or incorrectly performed chemical field tests.

3

violations allegedly committed by the TPD officers, he alleges that the City and Ward recklessly neglected to implement proper training, policies, regulations, customs, or usages relating to those particular areas, despite their knowledge of problems with the training. (Dkt. 24 at p. 7). Those general, conclusory statements need not be accepted as true. *Ashcroft*, 556 U.S. at 678.

Plaintiff fails to support his conclusory section 1983 claims with allegations demonstrating that the City and Ward were on notice that training was deficient in particular respects. *Connick*, 563 U.S. at 62. He does not allege the existence of a pattern of prior incidents relating to traffic stops, chemical field tests, or arrests, or that the need for training in those areas is so obvious that a single incident is sufficient to establish the City and Ward's deliberate indifference to his constitutional rights. *Gold*, 151 F.3d at 1351-52. He makes only a threadbare recital of the elements of section 1983 claims against the City and Ward. *See Ashcroft*, 556 U.S. at 678. In absence of supporting factual allegations showing that the City and Ward were on notice of the need to train TPD officers, Plaintiff's section 1983 claims seek to impose automatic liability on the City and Ward based on an alleged failure to train. Those claims, therefore, are legally insufficient. *See Gold*, 151 F.3d at 1350.

Plaintiff also purports to sue Ward in his individual capacity and his supervisory capacity over the officers who allegedly committed violations of his constitutional rights. However, Plaintiff makes no allegations that Ward directly participated in the violations. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009). And, for the reasons stated, there are no allegations showing a causal link between Ward's supervisory actions and the violations. *See id.*; *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[T]he causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the

4

subordinates would act unlawfully and failed to stop them from doing so." (internal quotation marks and citations omitted)). The conclusory statement that Ward failed to train the officers, despite having personal knowledge of problems with training, is insufficient to establish his liability in an individual capacity. *See Cottone*, 326 F.3d at 1360 (noting that the standard by which a supervisor may be held liable in an individual capacity for the actions of subordinates is "extremely rigorous").

The Order dismissing Plaintiff's section 1983 claims against the City and Ward in the original complaint advised him of the deficiencies with his claims, including his failure to adequately allege that they "knew of a need to train officers in a *particular* area and that they made a deliberate choice not to do so." (Dkt. 22 at p. 3). The Order further advised Plaintiff that "[f]ailure to state a claim upon which relief can be granted against the City and Ward in an amended complaint may result in dismissal of all claims against them with prejudice." (*Id.* at pp. 3-4). The Amended Complaint again fails to sufficiently allege that the City and Ward were on notice of a need to train TPD officers and, therefore, that their deliberate decision not to train the officers constitutes a policy or custom that was the moving force behind the violations of his constitutional rights.

Plaintiff will be afforded another opportunity to allege legally sufficient claims against the City and Ward. Failure to state a claim upon which relief can be granted against the City and Ward in a second amended complaint may result in dismissal of his claims against them with prejudice. *See Marantes v. Miami-Dade Cnty*, 649 F. App'x 665, 673 (11th Cir. 2016) (per curiam). ("[O]ur case law does not require a district court to give a *pro se* litigant multiple opportunities to amend.")

Accordingly, the City and Ward's Motion to Dismiss Amended Complaint (Dkt. 27) is **GRANTED**. All claims against the City and Ward are **DISMISSED** *without prejudice*. Plaintiff is granted twenty-one (21) days from the date of this Order to file an amended complaint against the

5

City and Ward, should he choose to do so. As noted, Plaintiff's failure to allege legally sufficient claims against the City and Ward in a second amended complaint, after twice being put on notice of the deficiencies with his claims, may result in dismissal of his claims against them with prejudice. If Plaintiff chooses not to file a second amended complaint, only his claims against Defendants Sven R. Finan and Rodney Riviere will proceed.[2]

**DONE AND ORDERED** this 10th day of January, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record and *pro se* Plaintiff

---

[2] Finan and Rivere have already filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint. (Dkt. 26).

6